**E-Filed 6/27/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH C. BRENNAN,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>WELLS FARGO & COMPANY, a Delaware corporation, doing business as WELLS FARGO BANK, N.A., and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 5:11-cv-00921 JF (PSG)<br><br>**ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: Docket No. 5] |

   This action arises from a loan secured by the residence of Plaintiff Kenneth C. Brennan ("Brennan") located at 6953 Rodling Drive #D in San Jose, California ("the Property"). The Property was sold at a foreclosure sale on May 10, 2010. Relying upon the doctrine of promissory estoppel, Brennan alleges that Defendant Wells Fargo & Company ("Wells Fargo") was obligated to postpone the foreclosure proceedings and to modify the terms of his loan.[2] Brennan seeks compensatory and declaratory relief. Pursuant to Fed. R. Civ. P. 12(b)(6), Wells Fargo moves to dismiss the complaint. The Court having considered the moving papers and

---

   [1]This disposition is not designated for publication in the official reports.

   [2] The complaint also asserts claims for breach of contract and violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* However, Brennan has withdrawn these claims.

Case No. 5:11-cv-00921-JF (PSG)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)

arguments of counsel, the motion will be granted, with leave to amend.

## I. BACKGROUND

The parties entered into the subject loan in January 2008. (Ex. A to Compl.). One year later, Brennan applied for a loan modification because he was unable to fulfill his obligations under the terms of the existing contract. (*See* Compl. at 2). Wells Fargo denied Brennan's application on more than one occasion, but it allowed him to submit additional applications for reconsideration. (*See Id.* at 2-5). Brennan alleges that during these negotiations, Wells Fargo representatives told him orally that he had "pre-qualified" for a loan modification and that foreclosure proceedings would be postponed. (*See Id.*). Wells Fargo ultimately declined to modify the terms of the loan and proceeded to foreclose on the Property. (*See Id.*).

Brennan claims that he relied to his detriment on promises made by Wells Fargo. Specifically, he avers that Wells Fargo's representations induced him to forego alternative methods to save his home from foreclosure, such as short sale proceedings.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th

Cir.1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

### III. DISCUSSION

**A.    Promissory Estoppel**

In California, a successful claim for promissory estoppel requires: "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." *Boon Rawd Trading Intern. Co., Ltd. v. Paleewong Trading Co., Inc*., 688 F.Supp.2d 940, 953 (N.D. Cal. 2010); *See also Ecology, Inc. v. State of California*, 129 Cal.App.4th 887, 901-902, 904 (2005).

As an initial matter, Wells Fargo's alleged oral representation that Brennan had "pre-qualified" for a loan modification cannot reasonably be viewed as a promise that Brennan in fact would receive a modification. As Wells Fargo explains, pre-qualification indicates only that an applicant has met certain prerequisites for the application process.

More facts also are needed with respect to Wells Fargo's alleged promise to postpone foreclosure proceedings. If in fact such a promise was made, it appears to have been limited to postponement of proceedings *during the period in which Brennan's application was under review*. Brennan alleges that at various points in the application process, he confirmed with Wells Fargo representatives that foreclosure proceedings were "on hold." (*See* Compl. at 3-5). However, the very nature of a postponement is temporary. As the complaint now reads, there is nothing to suggest that Wells Fargo breached its promise. Indeed, a written trial modification plan entered into between the parties in 2009 provided expressly that, "the lender is under no obligation to enter into any further agreement, and this Agreement shall not constitute a waiver of the lender's right to insist upon strict performance in the future." (Ex. B to Compl.).

Relying upon *Aceves v. U.S. Bank*, 192 Cal.App.4th 218 (2011), Brennan asserts that

3

California courts have applied promissory estoppel in similar circumstances. However, the lender in *Aceves* made a specific promise to enter into loan modification negotiations with the plaintiff and did so for the specific purpose of convincing her to forego bankruptcy proceedings. *Id.* at 222-27. The lender later reneged on its promise. *Id.* Here, there is no allegation that Wells Fargo promised to modify the terms of Brennan's loan or to postpone foreclosure indefinitely. At most, Wells Fargo may have promised to defer foreclosure until its review of Brennan's application for a modification was complete. From the face of the complaint, it appears that Wells Fargo fulfilled this alleged promise.[3]

**B.   Declaratory Relief**

Brennan's claim for declaratory relief is dependent upon the viability of his promissory estoppel claim.

### IV.  ORDER

Good cause therefor appearing, the motion to dismiss is GRANTED, WITH LEAVE TO AMEND. Any amended pleading shall be filed within twenty (20) days of the date of this order. IT IS SO ORDERED.

DATED: June 27, 2011

_____
JEREMY FOGEL
United States District Judge

---

[3] Wells Fargo also contends that under California law oral promises made with respect to real property violate the statute of frauds. Cal. Civ. Code § 1624(a)(6); *Secrest v. Security Nat. Mortg. Loan Trust* 2002-2, 167 Cal.App.4th 544 (2008). Because the Court finds that dismissal is appropriate on other grounds, it need not address this argument.